968 F.2d 1215
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Evelyn MOORE, Plaintiff-Appellant,
v.
COMCAST SOUND COMMUNICATIONS, INC.; Plan Administrator,
Comcast Corporation, Long Term Disability Plan; Defendants,
Unum Life Insurance Company of America, Defendant-Appellee.
 No. 91-1962.
 United States Court of Appeals, Sixth Circuit.
 June 24, 1992.
 
 Before MILBURN and SILER, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Evelyn Moore appeals the district court's order granting her request for attorney's fees. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In addition, counsel for all parties have waived oral argument in this case.
 
 
 2
 The case arises from an ERISA claim filed pursuant to 29 U.S.C. § 1001 which Moore made against UNUM Life Insurance Company ("UNUM") and her employer, Comcast Sound Communications, for denial of disability benefits. Specifically, Moore alleged that UNUM breached its fiduciary duty under ERISA by wrongfully denying her claim for benefits pursuant to the group long-term disability policy which UNUM issued to Comcast.
 
 
 3
 Eventually, Moore and UNUM entered into a $5,062.67 consent judgment in satisfaction of all of Moore's claims against UNUM with the exception of the request for attorney's fees which were to be subject to a subsequent hearing. Moore then filed a motion for attorney's fees. She requested $17,425.00 calculated at $170.00 per hour for 102.5 hours. After referring the matter to a magistrate judge for initial consideration, the district court awarded Moore $2,500.00 in attorney's fees.
 
 
 4
 On appeal, Moore argues that the district court improperly awarded her only $2,500.00 in attorney's fees. We conclude that the district court did not abuse its direction when it made its award. See Cattin v. General Motors Corp., 955 F.2d 416, 427 (6th Cir.1992); Bemis v. Hogue, 935 F.2d 269 (6th Cir.1991) (per curiam) (unpublished order).
 
 
 5
 Upon consideration, we affirm the district court's order for the reasons stated in its opinion entered July 24, 1991. Rule 9(b)(3), Rules of the Sixth Circuit.